UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
JOHN ZICHETTELLO,

**AMENDED
COMPLAINT**

Docket No.: 17-cv-7149

Jury Trial Demanded

                                        Plaintiff,

            -against-

CITY OF NEW YORK, JASON MILLER, Individually, EDWARD
BLANCO, Individually, JAN FOLVARSKY, Individually
ANDREW KINSELLA, Individually and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe .
being fictitious, as the true names are presently unknown),

                                        Defendants.

-----------------------------------------------------------------------------X

Plaintiff, JOHN ZICHETTELLO, by his attorneys, KUHARSKI, LEVITZ &

GIOVINAZZO, ESQ., complaining of the defendants herein, respectfully show to this Court,

and allege as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts

supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff, JOHN ZICHETTELLO, is a sixty-year-old man residing in Staten Island, New York.

7.     Defendant, CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, CITY OF NEW YORK, maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JASON MILLER, ANDREW KINSELLA EDWARD BLANCO, JAN FOLVARSKY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers, security guards, agents or employees, of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

## FACTS

12. On March 23, 2017, at approximately 7:40 p.m., plaintiff was lawfully present inside a laundromat located at 276 Sand Lane in Staten Island, New York.

13. Although plaintiff had committed no crimes or offenses, defendant NYPD narcotics officers falsely arrested plaintiff, JOHN ZICHETTELLO.

14. Plaintiff was then driven around handcuffed in a police van, and was thereafter eventually taken to the NYPD 120th precinct, where he was held in jail while his false arrest was processed by defendant officers.

15. Defendant officers, including JASON MILLER, ANDREW KINSELLA, JAN FOLVARSKY and EDWARD BLANCO, created and manufactured false evidence, which was conveyed to the Richmond County District Attorney's Office ("RCDAO") and utilized in the criminal prosecution brought against him based on their fabrications.

16. As a result of the defendants' misconduct, plaintiff was held in custody until he was arraigned in Richmond County Criminal Court on fabricated allegations alleging, *inter alia,* that he sold drugs. Said allegations were false.

17. Bail was set due to the filing of the false charges, resulting in JOHN ZICHETTELLO's continued imprisonment for several days on Rikers Island.

18.     JOHN ZICHETTELLO was compelled to return to Court on several occasions until all of the false charges were dismissed and sealed at the request of the RCDAO.

19.     Defendants, JASON MILLER, ANDREW KINSELLA, JAN FOLVARSKY and EDWARD BLANCO, and JOHN and JANE DOE 1 through 10, either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

20.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees; and pursuant to customs or practices of the narcotics division of the NYPD of falsely arresting and maliciously prosecuting individuals, of falsifying evidence in support of said arrests, and pursuant to the CITY OF NEW YORK's overtime policy, which incentivizes officers to make false arrests.

21.     The aforesaid event is not an isolated incident.  Defendant, CITY OF NEW YORK, is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests. *See e.g.* http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

22.     Moreover, in another civil rights action filed in this court involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

4

Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y. 2009).

23.     In yet another civil rights action currently pending in this Court, Senior Judge

Jack B. Weinstein more recently pronounced:

There is sufficient evidence for plaintiff to proceed on the grounds that (1) New York City's overtime policy incentivizes officers to make false arrests; and (2) police malfeasance in general and as related to the overtime police is inadequately monitored to prevent abuse. A reasonable jury may find that this practice is not isolated to a few "bad" police officers, but is endemic, that NYPD officials are aware this pattern exists and that they have failed to intervene and properly supervise. *Cordero v. City of New York, et al.*, No. 15 Civ. 3436 (JBW)(CLP), 2017 WL 4685544, *11 (E.D.N.Y. Oct. 17, 2017). *See also id.*, fn. 1.

24.     Defendant, CITY OF NEW YORK, was also aware, prior to the incident, that the

individual defendants engaged in such practices, and lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.

25.     Despite such notice, defendant, CITY OF NEW YORK, has retained these

officers, and failed to adequately train and supervise them.

26.     Despite notice of the foregoing custom and practices of NYPD narcotics officers

and of the lack of training of said officers, defendant, CITY OF NEW YORK, has failed to take

corrective action. This failure caused the officers in the present case to violate the plaintiff's

civil rights.

27.     All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff of his rights, privileges and

5

immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, post traumatic stress disorder, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     The individually named defendants arrested plaintiff without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

6

35.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants, JASON MILLER, ANDREW KINSELLA, JAN FOLVARSKY and EDWARD BLANCO, created false evidence against plaintiff.

38.     Defendants, JASON MILLER, ANDREW KINSELLA, JAN FOLVARSKY and EDWARD BLANCO, utilized this false evidence against plaintiff, JOHN ZICHETTELLO, in legal proceedings.

39.     As a result of defendants' creation and use of false evidence, plaintiff, JOHN ZICHETTELLO, suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

40.     As a result of the foregoing, plaintiff, JOHN ZICHETTELLO, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRDCAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The individually named defendants initiated, commenced and continued a malicious prosecution against plaintiff, JOHN ZICHETTELLO, in criminal court.

43. The individually named defendants caused plaintiff, JOHN ZICHETTELLO, to be prosecuted without any probable cause until the charges were dismissed on or about August 15, 2017.

44. As a result of the foregoing, plaintiff, JOHN ZICHETTELLO, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

46. The individually named defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

47. The individually defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff was subjected to false arrest, malicious prosecution, and deprivation of his right to a fair trial.

49. As a result of the foregoing, plaintiff, JOHN ZICHETTELLO, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52.     The aforementioned customs, policies, usages, practices, procedures and rules of the NYPD included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees, falsely arresting and maliciously prosecuting individuals, falsifying evidence in support of baseless arrests, and pursuant to CITY OF NEW YORK's overtime policy, which incentivizes officers to make false arrests, all of which was the moving force behind the violation of plaintiff's rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JOHN ZICHETTELLO.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

9

55. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD, plaintiff was unlawfully arrested, maliciously prosecuted, and subjected to fabrication of evidence.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from malicious prosecution;

    C.    To be free from deprivation of his right to a fair trial; and

    D.    To be free from the failure to intervene.

59. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claim herein accrued, plaintiff, JOHN

ZICHETTELLO, duly served upon, presented to and filed with the defendant, CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

62. The defendant, CITY OF NEW YORK, has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

63. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

64. Plaintiff, JOHN ZICHETTELLO, has complied with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. The defendant officers arrested plaintiff without probable cause.

68. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

69. As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

70. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

11

71.     Defendant, CITY OF NEW YORK, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

74.     As a result of the foregoing, plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

75.     As a result of defendant officers' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

76.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

77.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant officers made offensive contact with plaintiff without privilege or consent.

80. As a result of the defendant officers' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81. Defendant, CITY OF NEW YORK, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Upon information and belief, defendant, CITY OF NEW YORK, failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the plaintiff's arrest and prosecution.

85. Defendant, CITY OF NEW YORK, knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

86. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

87.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    Upon information and belief, the defendant, CITY OF NEW YORK, failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the aforementioned false arrest, malicious prosecution, and fabrication of evidence.

89.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
      May 11, 2018

                                 Yours, etc.

                                 Lonny Levitz, Esq.
                                 KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
                                 Attorney for Plaintiff
                                 176 Hart Blvd.
                                 Staten Island, New York 10301
                                 (718) 448-1600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

JOHN ZICHETTELLO,

                                        Plaintiff,

        -against-

CITY OF NEW YORK, JASON MILLER, Individually, EDWARD
BLANCO, Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                        Defendants.

-----------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**KUHARSKI, LEVITZ, & GIOVINAZZO, ESQS**
Attorneys for the Plaintiff
176 Hart Blvd.
Staten Island, NY 10301
718-448-1600